## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| European Coffeehouses Worldwide, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. _____ ) ) **JURY TRIAL DEMANDED** |
| Cafe Mezo Inc. | ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff European Coffeehouses Worldwide, LLC ("Plaintiff") files this Complaint against Defendant Cafe Mezo Inc. ("Defendant"), and alleges the following:

## NATURE OF ACTION

1. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, the Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*, the Unfair Competition statute, O.C.G.A. § 23-2-55 *et seq.*, dilution under O.C.G.A. § 10-1-451(b), and the common laws of the State of Georgia.

## THE PARTIES

2. Plaintiff is a Georgia limited liability company with a principal place of business located at 4505 Ashford Dunwoody Road, Dunwoody, Georgia, 30346. There are three restaurants using the CAFÉ INTERMEZZO® marks, operating under license from Plaintiff, located in the Atlanta area and within this judicial district.

3. Defendant is a Georgia corporation with a principal place of business located at 980 Birmingham Hwy., Suite 200, Alpharetta, Georgia 30004. Defendant's CAFE MEZO restaurant is located within this judicial district at 794 Juniper St., Atlanta, Georgia, 30309, within approximately 369 yards of a restaurant using licensed CAFÉ INTERMEZZO® marks.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and § 1367.

5. Defendant's actions complained of in this Complaint have been and continue to be committed within the Northern District of the state of Georgia.

6. Defendant owns and operates a restaurant under the infringing name and trademark CAFE MEZO within this judicial district. Some or all of the tortious acts of Defendant complained of in this Complaint, including without

limitation, the marketing, offering for sale, and sale of restaurant services using a confusingly similar trademark to Plaintiff's CAFÉ INTERMEZZO® marks, have been and continue to be committed within this judicial district. These actions further have caused harm or are likely to cause harm to Plaintiff within this judicial district. Accordingly, personal jurisdiction exists over the Defendant.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d).

## FACTS

8. Three CAFÉ INTERMEZZO® restaurants, which are operating under license from Plaintiff, are located in the Atlanta area. The first CAFÉ INTERMEZZO® restaurant opened in Park Place in Dunwoody in December, 1979. The second CAFÉ INTERMEZZO® restaurant was established in December 1987 on Peachtree Street in the Brookwood area and was then relocated to Midtown, Atlanta on March 25, 2013. The third CAFÉ INTERMEZZO® restaurant opened in December, 2009 in the Atlanta Airport, Concourse B.

9. Plaintiff owns U.S. Trademark Registration Nos. 2,686,472 and 1,225,542 on the Principal Register for the marks CAFÉ INTERMEZZO® and CAFÉ INTERMEZZO® & Design in connection with restaurant services (collectively "the CAFÉ INTERMEZZO® Marks"). The United States Patent and Trademark Office ("PTO") issued the CAFÉ INTERMEZZO® Registration on

February 11, 2003, based on use in interstate commerce beginning in December 1979. The PTO issued the CAFÉ INTERMEZZO® & Design Registration on January 25, 1983, based on use in interstate commerce beginning in December 1979. These trademark registrations, along with all goodwill associated with the marks, were assigned from Café Intermezzo, Inc. to Plaintiff in 2010. These Registrations are valid and subsisting. True and correct copies of the Registration Certificates for CAFÉ INTERMEZZO® and CAFÉ INTERMEZZO® & Design are attached as **Exhibit A**.

10. The CAFÉ INTERMEZZO® and CAFÉ INTERMEZZO® & Design Registrations have attained incontestability status pursuant to 15 U.S.C. §1065. A true and correct copy of the PTO's Notice of Acceptance of the Declaration of Incontestability is attached as **Exhibit B**.

11. Beginning at least as early as December 1979, Plaintiff's predecessor-in-interest adopted and began using the inherently distinctive CAFÉ INTERMEZZO® Marks in interstate commerce in connection with restaurant services. Since that time, Plaintiff or its predecessor-in-interest have continuously used the CAFÉ INTERMEZZO® Marks in interstate commerce in connection with restaurant services. Plaintiff's CAFÉ INTERMEZZO® Marks have achieved widespread acceptance and recognition among the consuming public and trade. As

a result of its extensive and ongoing commercial use, Plaintiff has developed substantial goodwill in the CAFÉ INTERMEZZO® Marks.  Through this extensive use, the CAFÉ INTERMEZZO® Marks have become well known and famous, particularly in the Atlanta area.

12. Plaintiff and its predecessor-in-interest adopted and began using the CAFÉ INTERMEZZO® Marks in interstate commerce over thirty years prior to Defendant's use of the CAFE MEZO mark.

13. Defendant is infringing Plaintiff's CAFÉ INTERMEZZO® Marks by advertising, marketing, offering and selling restaurant services using the substantially and confusingly similar mark CAFE MEZO.

14. Upon information and belief, Defendant opened its CAFE MEZO restaurant in Midtown, Atlanta in January, 2014.  Defendant's CAFE MEZO restaurant is located at 794 Juniper St., Atlanta, GA 30308, which is less than a mile from Plaintiff's CAFÉ INTERMEZZO® Midtown restaurant located at 1065 Peachtree Street, Suite 2, Atlanta GA 30309.

15. Defendant advertises, offers and sells restaurant services under the CAFE MEZO mark through at least Defendant's website http://cafemezo.com/, various social media sites and related communications with customers, and directly

through Defendant's CAFE MEZO restaurant. A screenshot of Defendant's website and Defendant's restaurant sign are depicted in the images below.





16. Such uses are without Plaintiff's consent, sponsorship or authorization, and infringe Plaintiff's CAFÉ INTERMEZZO® Marks.

17. Plaintiff has prior and superior rights in the CAFÉ INTERMEZZO® Marks over Defendant.

18. Plaintiff first learned of the CAFE MEZO mark on or around January, 2014. Thereafter, Plaintiff acted diligently to enforce its trademark rights by sending Defendant two letters, and numerous follow up emails, notifying Defendant of Plaintiff's rights in the CAFÉ INTERMEZZO® Marks and

requesting that Defendant stop using the infringing CAFE MEZO mark. True and correct copies of Plaintiff's cease-and-desist letters (without accompanying attachments) are attached as **Exhibit C**. Despite receiving notice of Plaintiff's trademark rights, Defendant has failed to discontinue the use of the CAFE MEZO mark.

19. Defendant's use of a substantially similar name and mark for a restaurant, particularly one that is within walking distance from the CAFÉ INTERMEZZO® Midtown restaurant, will likely cause confusion among the consuming public. In fact, an Atlanta restaurant critic wrote in a recent article that Defendant's CAFE MEZO restaurant has a "familiar sounding name" to CAFÉ INTERMEZZO®, and also stated that Defendant's restaurant was "unrelated to Café Intermezzo." (A true and correct copy of this article is attached as **Exhibit D**). Accordingly, consumer confusion is likely to result from Defendant's use of the CAFE MEZO mark.

20. Defendant's infringing use of the CAFE MEZO mark enables Defendant to directly benefit from the long-standing goodwill and fame that Plaintiff has developed in the CAFÉ INTERMEZZO® Marks.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114 and 1125(a))

21.   Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

22.   Defendant has and had full knowledge and notice of Plaintiff's rights in the CAFÉ INTERMEZZO® Marks.  Defendant's infringing acts were commenced and have continued in spite of Defendant's knowledge that the use of the CAFE MEZO mark directly infringes Plaintiff's CAFÉ INTERMEZZO® Marks.

23.   Defendant's use of the mark CAFE MEZO is substantially and confusingly similar to Plaintiff's CAFÉ INTERMEZZO® Marks.

24.   Defendant is advertising, offering and selling restaurant services under and through the substantially and confusingly similar mark CAFE MEZO. Such infringing advertising, offers and sales are made through substantially similar sales and trade channels, and are targeted at the same or similar customers targeted by Plaintiff.

25.   Defendant's use of the mark and name CAFE MEZO has caused, is causing and is likely to cause confusion, mistake, or deception among the relevant consuming public and trade.  In particular, consumers will likely believe that

Defendant's restaurant services are in some way associated, sponsored, or approved by Plaintiff, or that Defendant's restaurant services otherwise originate from the same source as Plaintiff's services.

26. Defendant's use of the CAFE MEZO mark constitutes infringement of Plaintiff's CAFÉ INTERMEZZO® Marks in violation of 15 U.S.C. § 1114.

27. Defendant's infringement has been willful and with the full knowledge of Plaintiff's trademark rights.

28. Defendant's advertising, offers and sales of restaurant services in connection with the CAFE MEZO mark, which is substantially and confusingly similar to Plaintiff's CAFÉ INTERMEZZO® Marks, constitute false designation of origin which has caused, is causing and is likely to cause confusion, mistake or deception as to origin, sponsorship or approval of Defendant's services, in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

29. Defendant's continuing acts of infringement have damaged and will continue to damage Plaintiff's sales, profits, goodwill and reputation. Plaintiff is entitled to an award of all of its damages in an amount to be proved at trial.

30. Defendant' s actions demonstrate a willful and bad faith intent to trade on the goodwill associated with Plaintiff and its CAFÉ INTERMEZZO® Marks, to the irreparable injury of Plaintiff.

31. Defendant's conduct has caused, is causing and is likely to cause substantial and irreparable injury to the public and to Plaintiff. Plaintiff is without an adequate remedy at law and is entitled to injunctive relief.

## COUNT II
## STATE DILUTION
## (O.C.G.A. § 10-1-451(b))

32. Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

33. Plaintiff's CAFÉ INTERMEZZO® Marks are inherently distinctive. As a result of Plaintiff's significant and longstanding use of the CAFÉ INTERMEZZO® Marks in Georgia, these marks have become widely recognized and famous marks.

34. Defendant's use of the substantially and confusingly similar mark CAFE MEZO has diluted, is diluting and is likely to dilute the distinctiveness of Plaintiff's CAFÉ INTERMEZZO® Marks.

35. Consequently, Plaintiff is entitled to an injunction prohibiting Defendant from using the CAFE MEZO mark and/or name, pursuant to O.C.G.A. § 10-1-451(b), and to damages to the extent permitted by law.

## COUNT III
### GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (O.C.G.A. § 10-1-370 *et seq.*)

36. Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

37. Defendant has engaged in unfair trade practices within the meaning of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-371 *et seq.*, by:

   a) Causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective services;

   b) Causing a likelihood of confusion or misunderstanding as to the affiliation, connection or association of Defendant with Plaintiff;

   c) Engaging in other conduct that similarly creates a likelihood of confusion or of misunderstanding among the consuming public and trade.

38. Defendant's unlawful conduct has caused, is causing and is likely to cause substantial injury to the purchasing public and trade and to Plaintiff, was conducted in trade and commerce, and has the potential for repetition.

39. Defendant's unlawful conduct has irreparably damaged Plaintiff and will continue to damage Plaintiff unless restrained by this Court.  Plaintiff is

without an adequate remedy at law. Pursuant to O.C.G.A. § 10-1-373(a), Plaintiff is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendant from using, advertising, marketing, offering and selling restaurant services under the infringing CAFE MEZO marks and/or name.

40. Defendant's unlawful conduct has proximately caused Plaintiff to suffer damages, and Plaintiff is entitled to recover costs and reasonable attorneys' fees, and damages to the extent permitted by law, pursuant to O.C.G.A. § 10-1-373.

## COUNT IV
## USE OF SIMILAR TRADEMARKS, UNFAIR COMPETITION
## (O.C.G.A. § 23-2-55)

41. Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

42. Defendant's conduct was done with the intent to deceive or mislead the consuming public and trade, and with full knowledge of Plaintiff' CAFÉ INTERMEZZO® Marks.

43. By the acts described herein, Defendant has engaged in unfair competition in violation of O.C.G.A. § 23-2-55.

44. Defendant's conduct has greatly and irreparably damaged Plaintiff

and will continue to do so unless restrained by this Court. Plaintiff is without an adequate remedy at law and thus is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendant from advertising, marketing, offering and selling restaurant services under the infringing CAFE MEZO mark and/or name, and for all of its damages in an amount to be proved at trial.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

45.   Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

46.   As set forth above, Plaintiff's CAFÉ INTERMEZZO® Marks are inherently distinctive and have developed strong marketplace recognition among relevant consumers.

47.   Defendant's use of the substantially similar CAFE MEZO mark is likely to cause confusion, to cause mistake, or to deceive among purchasers as to the origin or sponsorship of Defendant's services.

48.   Defendant's unlawful activities constitute trademark infringement and unfair competition as proscribed by common law, and unjustly divert from Plaintiff to Defendant the benefits arising from the CAFÉ INTERMEZZO® Marks.

49. Defendant's continuing actions of common law trademark infringement and unfair competition are causing and are likely to cause substantial and irreparable injury to Plaintiff, and have damaged and are likely to damage Plaintiff' sales, profits, goodwill and reputation. Plaintiff is entitled to an award of all of its damages in an amount to be proved at trial.

50. As a direct and proximate result of the foregoing, Plaintiff has been and is likely to continue to be irreparably damaged unless Defendant is enjoined by this Court, as there is no adequate remedy at law.

## COUNT VI
## COMMON LAW UNJUST ENRICHMENT

51. Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

52. Defendant has been, is being and will continue to be unjustly enriched through its unauthorized use of the infringing CAFE MEZO mark in connection with restaurant services.

53. As a result of Defendant's foregoing unlawful actions, Defendant has retained revenues to which it was not equitably or legally entitled, and was thereby unjustly enriched at Plaintiff's expense, in violation of the common law of Georgia.

54. As a direct and proximate result of the foregoing, Plaintiff has suffered and is entitled to an award of damages in an amount to be determined at trial to prevent Defendant from being unjustly enriched.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

1. For a judgment in favor of Plaintiff and against Defendant finding that:

   a. Defendant has engaged in trademark infringement in violation of 15 U.S.C. § 1114;

   b. Defendant has engaged in unfair competition in violation of 15 U.S.C. § 1125(a);

   c. Defendant has engaged in trademark dilution in violation of 15 U.S.C. § 1125(c);

   d. Defendant has engaged in trademark dilution in violation of O.C.G.A. § 10-1-451(b);

   e. Defendant has engaged in conduct violating the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372;

    f.    Defendant has engaged in conduct violating the Georgia Statute prohibiting Use of Similar Trademarks and Unfair Competition, O.C.G.A. § 23-2-55;

    g.    Defendant has engaged in trademark infringement and unfair competition violating the common law of Georgia; and

    h.    Defendant has been unjustly enriched.

2. For preliminary and permanent injunctions enjoining Defendant, its successors or assigns, and its officers, directors, partners, agents, subcontractors, servants, employees, attorneys, affiliates, licensees, subsidiaries and related entities, and all others acting in concert or participation with Defendant, from doing any of the following:

    a.    Making any use of the CAFE MEZO mark and/or name or making any use of any other marks or names confusingly similar to Plaintiff's CAFÉ INTERMEZZO® Marks;

    b.    Infringing Plaintiff's CAFÉ INTERMEZZO® Marks; and

    c.    Assisting, aiding, or abetting any person or entity from engaging in or performing any of the activities referred to in a. or b. above.

3. For a judgment in favor of Plaintiff and against Defendant, which awards Plaintiff:

    a. Defendant's profits and all of Plaintiff's damages, together with Plaintiff's attorneys' fees, expenses of litigation and costs, to the full extent provided for by 15 U.S.C. § 1117;

    b. Treble the amount of Defendant's profits and the damages suffered by Plaintiff pursuant to 15 U.S.C. § 1117;

    c. All damages sustained by Plaintiff from, *inter alia*, Defendant's trademark infringement, dilution of Plaintiff's marks, unfair competition, false designation of origin, false description, deceptive trade practices, and unjust enrichment, in an amount to be proved at trial;

    d. Any other actual and compensatory damages in an amount not presently known but to be proved at trial; and

    e. Plaintiff's attorneys' fees, expenses of litigation and costs.

4. For an order requiring Defendant to account to Plaintiff for Defendant's profits resulting from the foregoing acts.

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, this 18th day of July, 2014.

/s/ Kirk W. Watkins
Kirk W. Watkins
Georgia Bar No. 740550
Marcy L. Sperry
Georgia Bar No. 455561
WOMBLE CARLYLE SANDRIDGE & RICE LLP
271 17th Street NW, Suite 2400
Atlanta, Georgia 30363
Telephone: (404) 872-7000
Fax: (404) 888-7490

*Attorneys for Plaintiff*